JOSEPH CARUSO, PETITIONER-APPELLANT, v. WILLIAM B. KESSLER, INC., RESPONDENT-APPELLEE.

Atlantic County Court
Law Division

Decided November 7, 1951.

468

*Mr. Frank M. Lario,* attorney for and of counsel with petitioner-appellant.

*Mr. Isidor Kalisch,* attorney for and of counsel with respondent-appellee.

NAAME, J. C. C. This matter comes before me on motion of the respondent to dismiss the appeal filed by the petitioner on two grounds. First, the notice of appeal was not filed within the time prescribed by the Workmen's Compensation Act. Second, petitioner failed within 15 days of the filing of notice of appeal to file a certified copy of the transcript of the record and testimony in the cause.

Regarding the first ground, it appears that the petition was filed March 11, 1950, and the matter' was thereafter duly heard and the determination of facts and rule for judgment of dismissal was dated May 22, 1951. Thereafter the petitioner applied for a new trial on the ground of newly discovered evidence. This application was denied and an order of dismissal to reopen the case was signed by the deputy director on July 3, 1951, and filed in the office of the Commissioner on July 13, 1951. The notice of appeal in this cause was filed July 25, 1951. Clearly, then, according to the record. the notice of appeal was filed within the time prescribed by the Workmen's Compensation Act, namely *R. S.* 34:15–66, which provides that notice of appeal shall be filed within 30 days after the judgment has been rendered, etc. Respondent argues however that the deputy director determined the application for a new trial on the ground of newly

discovered evidence, orally on June 7, 1951, and that the time for appeal commenced to run as of that date. There is no merit to that contention. The time for filing an appeal begins from the date of the entry of the judgment in the office of the Commissioner of the Workmen's Compensation Bureau at Trenton. That date according to the record was July 13, 1951. See *Brown v. Allied Plumbing & Heating Co.,* 130 *N. J. L.* 487 (*E. & A.* 1943), in which it was held:

"As stated in the *Fischman* case [*Fischman v. Joseph Fish & Co.,* 121 *N. J. L.* 3], it is the entry of judgment, that is, the filing of the determination of the Commissioner in 'the office of the secretary at Trenton, by the officer hearing such cause,' and not the time of the writing of the conclusions of the commissioner, deputy commissioner or referee, that fixes the time when the thirty days for appeals begins to run."

As to the second ground, it appears from the record that the transcript of the record and testimony was not filed within 15 days after filing notice of appeal by the petitioner-appellant. The respondent relies upon the case of *Silverberg v. Federal Shipbuilding, &c., Co.,* 137 *N. J. L.* 77 (*Sup. Ct.* 1948), in which the court held that the provisions of the cited statute with reference to the filing of the transcript of the record and testimony within 15 days after the filing of the notice of appeal, are clearly mandatory and the burden is accordingly placed upon the appellant to see that the statutory requisites are strictly complied with. But that is not the situation here. The petitioner, according to the record, met with considerable difficulty in securing the transcript of the record. It appears that on July 11, 1951, petitioner ordered the transcript of the record and the testimony and thereafter discovered that he could not secure that transcript within the time prescribed by the statute because three different stenographers had taken the testimony and it appeared virtually impossible to get all three stenographers to coordinate their efforts so that the transcript could be prepared, forwarded to the petitioner and filed within time. Accordingly, the petitioner applied to the Atlantic County Court and

secured an order extending the time for filing the record and the transcript of the testimony to October 15, 1951. There is nothing in the record that discloses that the court abused its discretion in extending the time for filing the transcript of the record. To the contrary, it appears that the court properly exercised its discretion. Although the court in *Silverberg v. Federal Shipbuilding, &c., Co., supra,* indicated that the statutory provision in question was mandatory, it nevertheless recognized the fact that the statutory provision may be relaxed in the event of any qualifying circumstances. Furthermore, in the case of *Temple v. Storch Trucking Co.,* 3 *N. J.* 42 (1949), the court held another portion of the statute, although phrased in mandatory language, as being directory. See also *Vandenberg v. John DeKuyper & Son,* 5 *N. J. Super.* 440 (*App. Div.* 1949). It clearly appears that sufficient qualifying circumstances exist in this case, which in the interest of justice requires that the statutory provision in question be relaxed.

The motion to dismiss the appeal is denied.